IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALFRED JANIGA,                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    No.  09 C 2464
                                    )
HESSEK FINANCIAL SERVICES, LLC,     )
et al.,                             )
                                    )
            Defendants.             )

MEMORANDUM OPINION AND ORDER

With Wiesla Hessek ("Hessek") and his company Hessek
Financial Services, LLC[1] having just filed their Reply in support
of their motion to be joined in the previously ordered
arbitration between Alfred Janiga ("Janiga") and Questar Capital
Corporation ("Questar"), the motion is ripe for decision.  For
the reasons stated here, Hesseks' motion is granted.

It should be said, however, that in a sense Hesseks' counsel
have prevailed despite themselves.  Their Reply begins with an
**Introduction** section that advances a truly bogus argument that
"Mr. Hessek is, in fact, a signatory to the agreement[2] and

---

[1] Whenever both Hessek and his company are referred to
together in this opinion, "Hesseks" will be the term employed for
that purpose.

[2] That reference to "agreement" denotes the printed "New
Account Form" that our Court of Appeals has held to be an
agreement between Janiga and Questar, the fourth page of which
contains the "Pre-dispute Arbitration Agreement" section that our
Court of Appeals has held binding on Janiga and that has
compelled the now-pending arbitration between them, with a
correlative stay of this action.

entitled to defend his claims next to Questar in arbitration."
But if one looks at the document itself, the Hessek signature to
which his counsel point, which appears on the third page of the
printed New Account Form, is <u>not</u> one that makes Hessek "a
signatory to the agreement."  Instead the signature appears under
two printed lines that say only this:

> REGISTERED REPRESENTATIVE
> By signing this document, I, the registered
> representative have viewed the government issued
> identification provided by the client to verify.

Quite apart from the fact that the fine print Pre-dispute
Arbitration Agreement is on the following page, a page that bears
no one's signature at all, that provision begins in this fashion
(emphasis added):

> I (we) understand that my (our) account is subject to
> the arbitration rules of the Financial Industry
> Regulatory Authority.  Arbitration is used to resolve a
> dispute <u>between two parties</u>.

And thereafter that provision continues to refer to Janiga under
an "I (we)" locution and as the "customer," while the exclusive
reference to the second of the "two parties" consistently lists
only "Questar Capital" by name.

Thus it is an understatement for Hesseks' R. Mem. 1 to
hypothesize "Even if his [Hessek's] express signature on the
Agreement was insufficient...."  But the fact that Hessek's
signature, affixed for the sole and limited purpose specified in
the earlier-quoted "REGISTERED REPRESENTATIVE" line from the

printed form, does <u>not</u> make him a party to the agreement between Janiga and Questar is not the end of the story.

For that purpose the definitive document is rather the March 29, 2006 Registered Representative Agreement ("Agreement") between Hessek and USAllianz, a company that has since purchased Questar and that currently does its securities business under that name. That document unequivocally confirms Hessek's status as an agent for USAllianz (now Questar) in connection with his functions as the Registered Representative (Hessek is referred to as the "Agent" throughout the Agreement). Hessek's June 9, 2009 affidavit states in relevant part:

> 3. On March 29, 2006, I signed a Registered Representative Agreement ("Agreement") with USAllianz Securities, Inc. ("USAllianz"). Attached hereto as Exhibit A is a true and genuine copy of the Agreement that I signed with USAllianz. During the course of this Agreement, I have served as a Registered Representative and Agent exclusively for USAllianz in my profession in the securities business.

> 4. Since the date of the Agreement, USAllianz purchased Questar Capital Corporation ("Questar"), and currently does its securities business under the name of Questar. Accordingly, I currently serve as Registered Representative and Agent to Questar pursuant to the Agreement.

Janiga tries to get around that by arguing that Hessek's functions on Questar's behalf do not fit the common law concept of agency. That however ignores the obvious: In terms of the transactions between customers who come to Hessek and with respect to whom he acts as the Registered Representative, he

performs the services of an agent for Questar.

That then leaves only one further question to be resolved--whether an agent to a party bound by an arbitration agreement, though not himself a signatory to that agreement, may enforce the arbitration agreement as to matters coming within the scope of the agency and the arbitration agreement. On that score <u>Caligiuri v. First Colony Life Ins. Co.</u>, 318 Ill.App.3d 793, 800, 742 N.E.2d 750, 756 (1st Dist. 2000) has said this in the context of applying the Federal Arbitration Act:

> However, federal courts have recognized contract-based theories under which a non-signatory may be bound to the arbitration agreements of others, such as:
> (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing or alter ego; and (5) estoppel.

And the same is true under Minnesota law, which is designated together with the Federal Arbitration Act as applicable to the arbitration agreement and is also specified as providing the rules of decision under the Agreement--here is what <u>Datatreasury Corp. v. Wells Fargo & Co.</u>, 522 F.3d 1368, 1372 (Fed. Cir. 2008) has said on that subject:

> Under Minnesota law, a non-signatory can enforce an arbitration clause in limited circumstances. For instance, a non-signatory may be compelled to arbitrate under theories of equitable estoppel, agency and third-party beneficiary.

## Conclusion

Even though not signatories to the document containing the arbitration provision that binds both Janiga and Questar, Hessek

4

and his company--as agents for Questar--are entitled to enforce that arbitration provision. Accordingly their motion to compel arbitration is granted, and this action is stayed as to them as well. To keep this action from falling between the cracks during the course of the arbitration, a status hearing is arbitrarily set for 9 a.m. January 31, 2011--but if as that date approaches the parties' dispute is still in arbitration, they should apprise this Court's minute clerk of that fact and the status hearing will then be extended to another date without the need for an in-court appearance.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 19, 2010